# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# SOMERSET.

*JUNE TERM,*

1826.

---

### RUSSELL & al. vs. HOOK.

Where a judgment debtor was out of the State at the time of the extent of an execution on his land, the appointment of an appraiser by his wife was holden valid.

THIS case, which was a writ of entry, came before the court upon a statement made by the parties, in which it appeared that the demanded premises were once the estate of the tenant, and that the demandants claimed title under the extent of an execution in their favor against him.

By the return of the officer it appeared that one of the appraisers was chosen by the demandants, another by himself, and the third " by the debtor's wife, as his agent, he being absent out of the Commonwealth." And the question was upon the validity of this appointment, the appraiser not appearing to have been chosen by the debtor himself, nor, upon his neglect or refusal, by the officer for him.

*R. Williams*, for the demandants, and *Boutelle*, for the tenant, submitted the cause without argument.

Russell *v.* Hook.

MELLEN C. J. delivered the opinion of the court.

The only question presented by the parties for our consideration is whether the levy of the execution, under which the demandants claim, was made conformable to law. It is contended that one of the appraisers was not legally appointed. The return states that he was appointed by the debtor's wife, as his agent ; he being absent out of the Commonwealth. From this it may be fairly presumed that the officer had proof before him of her power to act in behalf of her husband, and as his attorney. It furnishes *prima facia* evidence of such authority, and this is not contradicted by any direct proof in the cause. There is only a species of negative evidence, arising from the husband's conduct in contesting the levy on the ground above mentioned. By this construction no injury is done ; by the levy the defendant's debt has been paid; and if the land was appraised too low, he might have redeemed it ; the spirit of the law seems to have been complied with. The interests of the husband might well be considered as safe in the hands of an appraiser chosen by his wife, as in those of one designated by any other person. But there is another ground on which the levy may be shewn to be legal, and liable to no objection. The law has provided that in the absence of the debtor, or in case of his refusal to choose an appraiser, the authority to appoint an appraiser for him is vested in the officer. Now if what was done by the wife cannot be legally considered as an appointment by her, in virtue of authority derived from the husband; it may and ought to be considered at least as a nomination by her, and a legal appointment by the officer. In a word, it was an appointment, in one mode or the other, legal and effectual. Viewing all the facts and circumstances of the case, we are not disposed to sustain the tenant's objections ; and therefore, according to the agreement of the parties, a default must be entered, and

*Judgment for the demandants.*